UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TINA CROWDER, on Behalf of Herself and on Behalf of All Others Similarly Situated <br><br>　　Plaintiff, <br><br>V. <br><br>CIGNA CORPORATION, CIGNA HEALTHCARE OF TEXAS, INC., HEALTHSPRING LIFE & INSURANCE COMPANY, INC., AND CIGNA HEALTH SPRING, LLC, <br><br>　　Defendant. | CIVIL ACTION NO. 4:17-cv-01660 <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

### I.　　SUMMARY

1.　　Plaintiff Tina Crowder (hereinafter "Plaintiff") brings this lawsuit as a collective action against Defendants Cigna Corporation (hereinafter "Cigna"), Cigna Healthcare of Texas Inc. (hereinafter "CHT"), HealthSpring Life & Health Insurance Company, Inc. (hereinafter "HealthSpring"), and Cigna Health Spring, LLC, (hereinafter "CHS") (collectively referred to hereinafter as "Defendants") for violating the Fair Labor Standards Act. ("FLSA.") Plaintiff seeks to represent all similarly situated workers throughout the country who were subject to the same illegal pay practices as Plaintiff.

2.　　Defendants HealthSpring, CHS, and CHT (referred to, where applicable, as "Cigna Subsidiaries") are wholly owned and operated by Defendant Cigna. Defendant Cigna controls the operations of its subsidiaries and sets the pay policies that are applicable to their employees nationwide. Pursuant to company policy, Defendants knowingly and deliberately failed

1

to compensate the Plaintiff and Class Members for their overtime hours at the rate of one and one-half times their regular rates of pay.

3. Plaintiff worked for Defendants, first as a "Utilization Management Nurse" and later as a "Case Management Nurse." Like the rest of Defendant's Utilization Management and Case Management Nurses and all other nurses in substantially similar positions, such as Clinical Intake Nurses and Care Management Nurses (collectively "Class Members"), Defendants paid Plaintiff a salary without overtime. That is, Defendants misclassified Plaintiff and the Class Members as exempt from overtime. The duties of Plaintiff and the Class Members do not satisfy the requirements for any exemption under the FLSA.

4. Defendants' compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, be compensated at one and one-half times their rate of pay for all hours worked over forty (40) in a workweek. Defendants owe their employees back pay, liquidated damages, attorneys' fees and court costs.

5. Defendants implemented the same pay policies for hundreds of other workers across the country. Therefore, Plaintiff sues on behalf of herself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b). She requests that the Court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events forming the basis of this action, including many of the wrongs herein alleged occurred in this District.

8. Plaintiff lives in Montgomery County, Texas, and worked throughout Harris County, Texas during her employment with Defendants. Defendants have significant operations in the District, including maintaining offices in this state.

## III. PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Tina Crowder is an individual currently residing in Montgomery County, Texas. Her written consent to this action is attached hereto as Exhibit "A."

10. The Class Members are all of Defendant's current and former Utilization Management Nurses, Case Management Nurses, and all employees in substantially similar positions, including all Clinical Intake Nurses, and Care Management Nurses, that were/are paid a salary without overtime pay during any week in the three year period prior to the filing of this lawsuit..

11. Defendant Cigna Corporation is a Delaware corporation doing business in the State of Texas. Defendant Cigna may be served with process by delivering a copy of the summons and complaint to C.T. Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

12. Defendant Cigna Healthcare of Texas, Inc. is an operating subsidiary of Cigna Corporation, organized and existing under the laws of the State of Texas, with its main administrative office at 1640 Dallas Parkway, Plano, Texas. Defendant may be served process through its registered agent C.T. Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

13. Defendant HealthSpring Life & Health Insurance Company, Inc. is an operating subsidiary of Cigna Corporation. HealthSpring Life & Health Insurance Company, Inc. may be served with process through its registered agent, C.T. Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

14. Defendant Cigna Health Spring LLC is an operating subsidiary of Cigna Corporation. Cigna Health Spring LLC, with its main administrative office at 2900 North Loop West, Suite 1300, Houston, Texas 77029-8815, and may be served with process through its registered agent, C.T. Corporation System at 350 North St. Paul Street, Dallas, Texas 75201.

15. Defendants do business throughout Texas, including this District.

### IV.    FLSA COVERAGE

16. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had and continue to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. Defendant Cigna is a publicly traded company and employs over 37,000 employees. For all intents and purposes, Defendants are joint employers and operate as a single enterprise. They share the same officers and directors. They have the same accounting and payroll operations. They share control over hiring, firing, payroll, advertising, and overhead decisions. Moreover, the operations of the companies are inter-mingled. That is, they employ the same

workers and have the same business purpose. Further, the companies share the same clients and customers and have the same supervisory staff over their workers.

19. Indeed, Plaintiff received compensation from Defendant Cigna out of Cigna's headquarters in Philadelphia, Pennsylvania for work she performed for the Cigna Subsidiaries. Accordingly, Defendants are joint employers and are jointly and severally liable for all wage and hour compliance, including payment of overtime compensation for all hours worked over 40 during the workweek. *See* 29 C.F.R. § 791.2(a); *Schultz v. Capital International Security, Inc.*, 466 F.3d 298, 306 (4th Cir. 2006).

20. Defendant Cigna Corp. controlled the operations of its subsidiaries, including CHS, CHT, and Healthspring, and also control the finances, policies, and business practices of CHS, CHT, and Healthspring. Defendant Cigna Corp. was responsible for the decision to misclassify Plaintiff and the Class Members as exempt from overtime.

21. At all material times, Defendants have had an annual gross business volume in excess of the statutory standard of $500,000.

22. At all material times, Plaintiff and Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## V. FACTS

23. Defendants provide health insurance policies to businesses, individuals, and the government. Defendant Cigna acquired Defendant HealthSpring through a merger in October of 2011, creating Defendant CHS which overtook Defendant HealthSpring's operations.

24. Defendant Cigna operates and directs is subsidiaries from administrative offices around the country, including offices in Texas, Florida, California, Arizona, Oklahoma, and Tennessee.

25. Plaintiff Crowder worked for Defendants from approximately September of 2011 to July of 2015.

26. Defendants employ hundreds of nurses similar to Plaintiff.

27. Plaintiff was paid a salary.

28. Plaintiff regularly worked more than 40 hours each week.

29. However, Plaintiff was not paid overtime for those hours worked over 40 in a workweek.

30. Like Plaintiff, the Class Members were paid a salary.

31. Like Plaintiff, the Class Members regularly worked more than 40 hours each week.

32. Like Plaintiff, the Class Members were not paid overtime for those hours worked over 40 in a workweek.

33. Whether those nurses are titled Clinical Intake Nurses, Case Management Nurses, Care Management Nurses, Utilization Management Nurses, or other job titles, they perform the same primary duty as Plaintiff.

34. The Plaintiff and the Class Members reviewed admissions documentation and input data. They also reviewed payment requests for treatment based on predetermined guidelines and criteria given to them by Defendants. Plaintiff and the Class Members had little independent judgement or discretion in performing their duties.

35. Plaintiff and the Class Members spent the majority of their workday communicating with medical providers to collect and input data into Defendants' computer database pursuant to pre-established guidelines implemented by Defendants.

36. Plaintiff and the Class Members also served as a liaison between the insured person and Defendants. They would communicate with the insured individuals to acquire information required by Defendants. Again, Plaintiff and the Class Members had little independent judgment and discretion in this role, relying almost exclusively on Defendants' protocols and guidelines in interacting with and gathering information from the insured individuals.

37. Defendant repeatedly informed Plaintiff and the Class Members that their salaries were intended to compensate them for 40 hours of work in a week. Nevertheless, Defendant required Plaintiff and the Class Members to work more than 40 hours each week.

38. None of the FLSA exemptions are applicable to Plaintiff or the Class Members.

39. Plaintiff and the Class Members are not exempt under the administrative or professional exemption. *Clark v. Centene Company of Texas, L.P.*, 656 Fed. Appx. 688, 693 (5th Cir. 2016).

40. Plaintiff and the Class Members do not supervise other employees or manage a customarily recognized department of Defendants' respective companies.

41. Plaintiff and the Class Members have no authority to hire or fire other employees.

42. Plaintiff and the Class Members do not exercise independent judgement and discretion with respect to matters of significance. Instead, their job duties involve adherence to detailed guidelines and procedures promulgated by Defendants which were designed to remove independent judgment and discretion.

43. Despite these facts, Defendants misclassified Plaintiff and continues to misclassify the Class Members as exempt from overtime pay.

44. Plaintiff and the Class Members regularly worked over 40 hours each week. Plaintiff and the Class Members were required to use Defendants' computer portal known as "CCMS," which tracked certain time worked by the Plaintiff and Class Members.

45. Plaintiff was required to work more than 40 hours each week because Defendants maintained a quota system that required Plaintiff and the Class Members to complete a substantial number of prepared forms for Defendants. The effect was that the Plaintiff and the Class Members performed a substantial amount of work that could not be completed in 40 hours in one week.

46. Defendants knew, or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In fact, Defendants knew the requirement to pay overtime to Plaintiff and Class Members but intentionally chose not to do so.

## VI. COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Class Members employed by Defendant during any work week in the last three years.

48. Plaintiff has actual knowledge, through her own work experience and through interaction with her fellow nurses, that a class of similarly situated workers exist who have been subjected to Defendant's policy of failing to pay overtime.

49. Class Members are similarly situated to Plaintiff in that, at least during one work week in the relevant period, they worked overtime hours for Defendants without additional compensation being paid as required under the FLSA.

50. Defendants' failure to pay overtime or the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

51. The experience of Plaintiff, with respect to her employment classification, duties, and pay, is typical of other nurses across the country.

52. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

53. Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime.

54. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

55. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

56. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

57. The class of similarly situated employees is properly defined as follows:

> **The Class Members are all Case Management Nurses, Utilization Management Nurses, and all other nurses in substantially similar positions such as Clinical Intake Nurses, Care Management Nurses, and Case Managers, paid a salary without overtime compensation by Defendants during any work week during the three years prior to the initiation of this lawsuit.**

## VII. CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

58. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

59. This cause of action arises from Defendants' violation of the FLSA for the failure to pay Plaintiff and Class Members overtime.

60. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

61. By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

62. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendants to skirt the obligation to pay overtime to an employee similarly situated in the position of Plaintiff and Class Members.

63. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII. WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

64. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present.

65. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

66. Plaintiff is also entitled to recover her attorneys' fees and costs, as required by the FLSA.

## IX. JURY DEMAND

67. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. PRAYER FOR RELIEF

68. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members, awarding them:

   a. Overtime compensation for all hours worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by the FLSA;

   d. Pre and post judgment interest, and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *Don J. Foty*
    Don J. Foty
    DFoty@kennedyhodges.com
    State Bar No. 24050022
    Federal Id: 711552
    KENNEDY HODGES, L.L.P.
    4409 Montrose Blvd, Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS